# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ARTURO VILLANUEVA, | Case No.: CV 19-01515-CJC(SPx) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 9]** |
| EATON CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

On July 9, 2019, Plaintiff Arturo Villanueva brought this employment discrimination action against Eaton Corporation ("Eaton") and Alex Martinez in Los Angeles Superior Court. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Before the Court

is Plaintiff's motion to remand.  (Dkt. 9 [hereinafter "Mot."].)  For the following reasons, the motion is **DENIED**.[1]

## II.  BACKGROUND

The allegations in the complaint arise from a series of workplace events that culminated in Plaintiff's July 14, 2017 termination from Eaton.  (Compl. ¶ 14.)  Prior to his termination, Eaton employed Plaintiff as a "Forklift/Shipping/Receiving Clerk."  (*Id.* ¶ 8.)  Plaintiff alleges that he was over 40 years old during the relevant period of employment.  (*Id.*)  He further alleges that he suffered a workplace injury in 2014 which required him to seek both medical care and leave.  (*Id.* ¶ 9.)  At some point in January 2015, Alex Martinez, Plaintiff's supervisor, sent him home because he seemed ill and unable to carry out his job duties.  (*Id.* ¶ 10.)  Plaintiff took some time off and returned in March 2015 with no restrictions.  (*Id.*)  He later had to take more time off, but returned to work again in May 2016, this time with a 35-pound weight lift restriction.  (*Id.*)  On the day that Plaintiff returned to work, Martinez allegedly sent him home after telling him that his restriction could not be accommodated.  (*Id.*)  Plaintiff allegedly remained on leave after this point.

On May 8, 2017—at which point Plaintiff had been on leave for about one year—Eaton sent Plaintiff a letter requesting that his doctor fill out a "Return to Work Status Form."  (*Id.* ¶ 11.)  The letter also stated that Plaintiff's employment could be terminated if he was unable to return to work.  (*Id.* ¶ 12.)  Plaintiff allegedly complied with this request and returned to work a week later with a 35-pound weight lift restriction.  (*Id.* ¶¶ 12–13.)  Soon after his return, Plaintiff was terminated on July 14, 2017.  (*Id.* ¶ 14.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for November 4, 2019, at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff alleges that Eaton discriminated against him due to his age and his disability. (*Id.* ¶ 15.)

Plaintiff sued Eaton in Los Angeles Superior Court, asserting a number of claims under California law and one claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, a federal statute. (*See generally id.*) On August 14, 2019, Eaton removed the case to federal court, invoking federal question jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Plaintiff then filed a motion to remand the case to Los Angeles Superior Court. (Dkt. 9.)

## III. DISCUSSION

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Under the "well-pleaded complaint rule," federal question jurisdiction exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This means that federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Eaton contends that Plaintiff's motion to remand should be denied because Plaintiff asserts a FMLA claim in his complaint. The Court agrees. The existence of federal question jurisdiction is determined from the face of the complaint. *See Caterpillar*, 482 U.S. at 392. When the plaintiff "has chosen to plead what . . . must be regarded as a federal claim, [] removal is at the defendant's option." *Id.* at 399. Here, Plaintiff's complaint clearly alleges a violation of the FMLA, a federal statute. Not only does the complaint's fifth cause of action explicitly allege a "Violation of the Family Medical Leave Act," it goes on to allege the Plaintiff "worked at a location where at least fifty employees were employed by Plaintiff's employer within 75 miles and therefore comes under the jurisdiction and regulations of the Family Medical Leave [Act]." (Compl. ¶ 52.)

Given the unambiguous assertion of a FLMA claim in the complaint, the Court is troubled by Plaintiff's assertion that "[n]owhere is [sic] Plaintiff's Complaint does Plaintiff allege a federal question, law . . . on which he is alleging a federal cause of action." (Dkt. 9 at 6.) The Court reminds Plaintiff's attorneys that under Federal Rule of Civil Procedure 11, the Court can impose sanctions for making frivolous legal arguments.

## IV. CONCLUSION

For the following reasons, Plaintiff's motion to remand is **DENIED**.

DATED:     October 23, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE